UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH LEE MANHARD,

    Plaintiff,

v.                                     Case No. 5:17cv206-MCR-CJK

PANAMA CITY BEACH, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's amended civil rights complaint. (Doc. 7). The complaint was referred to the undersigned for screening under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

BACKGROUND

Plaintiff is currently confined at the Bay County Jail. He is facing prosecution for multiple felonies stemming from an accident in which an individual driving a scooter was killed. His complaint identifies 3 defendants: (1) "Panama City Hall and City Council"; (2) Department of Motor Vehicles; and (3) Florida Highway Patrol. Plaintiff asserts the defendants should not have allowed "49cc motor scooters" to be registered and driven on roads in the Panama City Beach area. He

claims these vehicles are a "nuisance," present a "great problem" and pose a safety risk. He alleges the defendants' actions with respect to these scooters violate state and federal law.

In the "Statement of Claims" section of the complaint form, plaintiff says: (1) "it has broke my constitutional act for my freedom"; (2) "my civil right have also been violated"; (3) defendants "have broke United States Code Annotated Title 23 Highways Chapter 4 Highway Safety and Human Life under I and II per Secretary of Transportation and FL. Law 316.003 and 316.212.8." As relief, plaintiff seeks $50 million from the "Panama City Beach Hall and City Council," the Department of Motor Vehicles, and the Florida Highway Patrol.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying the standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See*

*Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

Plaintiff's complaint fails to present a viable claim for relief. He is essentially arguing that he would not be facing criminal charges if the defendants had chosen to regulate scooters in a manner that afforded him greater protection. In other words, he is alleging that the defendants should have enacted certain laws or ordinances to outlaw the conveyance ridden by the person he apparently killed. Plaintiff, however, does not have standing to challenge the defendants' discretionary authority to regulate traffic under these circumstances. And none of the provisions of law referenced by plaintiff create individual rights enforceable in a § 1983 action. *See Holland v. Gay*, Civil Action No. 7:05cv85(HL), 2006 WL 2374788 at *5 (M.D. Ga. Aug. 16, 2006) ("[R]eview of § 402 makes clear that [it] is intended to serve as a means for improving safety on highways through the implementation of programs and studies. It is not a directive to the counties on how to manage their road programs. Therefore, the Court finds that § 402 does not impose a duty on Defendants, the failure of the performance of which would give rise to a violation under § 1983. More importantly, nothing in the text of the statute suggests that it was intended to create new individual rights for citizens affected by the statute."); Fla. Stat. § 316.003 (outlining the definitions of terms in Chapter 316); Fla. Stat. § 316.212 (regulating the "operation of golf carts on certain roadways"). The complaint, therefore, is without merit and subject to dismissal.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of September, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.